UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:09-CR-7-10GRJ

SUSAN E. WASHINGTON

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, SUSAN E. WASHINGTON, and the attorney for the defendant, Ronald S. Chapman, Esq., mutually agree as follows:

A.   **Particularized Terms**

   1.   **Count(s) Pleading To**

   The defendant shall enter a plea of guilty to Count Two of the Superseding Indictment. Count Two charges the defendant with mail fraud, in violation of 18 U.S.C. § 1341.

   2.   **Maximum Penalties**

   Count Two carries a maximum sentence of twenty years imprisonment, a fine of $250,000, a term of supervised release of three years, and a special assessment of $100.

Defendant's Initials _SW_   AF Approval _____

3. **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

First: That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second: That the false or fraudulent pretenses, representations or promises related to a material fact;

Third: That the Defendant acted willfully with an intent to defraud; and

Fourth: That the Defendant used the United States Postal Service by mailing or by causing to be mailed some matter or thing for the purpose of executing the scheme to defraud.

4. **Counts Dismissed**

At the time of sentencing, the remaining count against the defendant, Count One, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _SW_

2

6. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. <u>Acceptance of Responsibility</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees

Defendant's Initials _[initials]_

3

that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. **Low End**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. **Cooperation - Responsibilities of Parties**

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _[initials]_                4

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this

Defendant's Initials _SW_    5

agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

B. **Standard Terms and Conditions**

1. **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a

Defendant's Initials _SW_

6

special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the

Defendant's Initials _SW_                    7

defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _SW_                    8

5. Defendant's Waiver of Right to Appeal and
   Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials _____    9

8.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of

Defendant's Initials _SW_                            10

certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

A cooperating witness ("CW"), who had done handy-man work for Susan E. Washington, told law enforcement that Washington had solicited the CW to burn down Washington's rental property located at 356 NE 70th Terrace, Ocala, Florida. From on or about January 2, 2009, through February 1, 2009, Washington had telephone conversations with the CW, most of which were recorded, in which she requested, discussed, and planned the burning of her rental house in Ocala so that she could collect insurance proceeds.

Included among those telephone conversations was a call on or about January 20, 2009, in which the CW told Washington that he was not going to use gas to burn the house, but was going to use denatured alcohol to do it, since it leaves no residue, to which Washington stated, "Alright." The CW asked "when do you want me to burn this . . . house down, Susie," to which Washington responded "ASAP, I guess . . . I reckon." Washington also stated, "Go and get it done and if you can call me from a pay phone from now on, cuz' I'm not going to ring your number after this goes down, because I

Defendant's Initials _Sw_      11

don't want them to think that I'm talking to you after it's been done because that might raise suspicion.."

In a recorded call made on or about January 21, 2009, the CW told Washington "send me fifty bucks, that way I can get the alcohol and everything I'm gonna need to do it," referring to the supplies for burning down the rental property. In response to that request, Washington sent the CW a check using the U.S. Mail. The check had Susan E. Washington, 3009 Heather Brook TRC, Canton, GA 30114, imprinted on it. The check number was numbered 1113, was written on a Bank of America account. The check was written for fifty dollars. The envelope in which it was sent was postmarked January 22, 2009, and had a return name and address of Susan Washington, 955 Taylors Farm Crt, Canton, GA 30115.

In a recorded call made on or about January 30, 2009, Washington stated, "just hurry up and let's get this . . . done, man! Cuz' now I'm starting to need the money really bad."

On or about February 1, 2009, the CW and Washington had a telephone conversation in which Washington stated "if you're gonna' torch this house and get this . . . house off my back, I'll be more than happy to pay you but I just don't under…you just keep changing the terms." Later in the conversation, Washington directed the CW to "go to . . . New Jersey, get . . . back here and burn that . . . house."

In a telephone conversation on or about January 28, 2009 , Washington indicated that the amount of money she was expecting to receive from the insurance company was approximately $177,000. The CW stated: "Your gonna get $100,000.00

Defendant's Initials _SW_           12

out of this so." Washington responded: "Yeah, are you sure they'll give me all of that?" The CW responded: "Yeah, they're gonna give you the $100,000.00. You'll get $177,000.00, which you got it insured for right? You only paid $70 for it, so your gonna make $107,000.00 girl. And you give me $7,000.00. You make $100,000.00 clear." To which Washington stated: "It just seems too good to be true, but."

In that same call, Washington and the CW discussed whether the adjoining property could catch fire. The CW stated: "[W]ell that house is a long ways away from his house. I looked at it. It ain't near anything. It's on a corner lot. Ain't nothing gonna catch on fire from that house." Washington responded: "I mean, there would have to be like a major gust of wind off the ocean to blow it over." The CW stated: "It ain't gonna blow over hon."

The house which was to be burned down was insured by Southern Fidelity Insurance Company. The insurance policy provided coverage for the "Dwelling" in the amount of $183,000, and provided additional coverage for additional amounts for "Other Structures," "Personal Property," and "Loss of Use." The original insurance declaration provided for "Dwelling" coverage in the amount of $177,000. The policy included the exclusion that: "We do not insure for loss caused directly or indirectly by any of the following. . . . 8. Intentional Loss, means any loss arising out of any act an 'insured' commits or conspires to commit which a reasonable person would expect would cause a loss or which the insured intends to cause a loss."

Defendant's Initials  SW          13

10.  **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.  **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 26th day of May.

_____  
Susan E. Washington  
Defendant

By: _____  
Samuel D. Armstrong  
Assistant United States Attorney

A. BRIAN ALBRITTON  
United States Attorney

_____  
Ronald S. Chapman  
Attorney for Defendant

_____ FOR  
Robert E. O'Neill  
Chief, Criminal Division

Defendant's Initials _SW_

14