UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

vs.  CASE NO.: 5:09-cr-7-Oc-10GRJ

SUSAN E. WASHINGTON

**UNITED STATES' RESPONSE TO DEFENDANT'S
REQUEST FOR A MENTAL COMPETENCY EXAMINATION**

The government respectfully responds to the defendant's request for a mental competency examination as follows:

The government does not join in the defendant's motions for a mental competency examination. However, the government does not object to the defendant's request for a competency examination, but only if the government is _not_ going to have to bear any of the cost of the examination. So long as the defendant is to bear all of the cost of the examination, the government has no objection to the defendant's choice of psychologist (Helen Cadiz, Ph.D.).

A defendant has "no automatic entitlement to a competency hearing" merely because he moves for one. United States v. Pellerito, 878 F.2d 1535, 1545 (1st Cir. 1989). Under 18 U.S.C. § 4241, before granting a motion for a mental competency examination, the Court must determine

> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). The determination of whether the defendant should have a mental competency examination is the first step in the three step process of determining whether a defendant is mentally incompetent to stand trial.[1]

In support of the defendant's motions, the defendant's counsel has advised the Court that the defendant has been prescribed medication, without identifying the medication, and that a clinical social worker has expressed that the defendant has a mental abnormality, but does not state the nature of the abnormality. Additionally, the defendant is apparently not going to appear at the hearing in which the Court will make the probable cause determination.

The general nature of the defendant's representations and the inability of the court to make inquiry of a non-attending defendant could hinder the Court in making the "reasonable cause" determination at the June 11 hearing. However,

---

[1] The three step process is set forth in U.S. v. Boigegrain, 155 F.3d 1181 (10th Cir. 1998):

> Determining whether an accused is competent to stand trial is a three step process. . . . First, if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," the court may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(a). At the second stage, the court uses the psychological report and conducts a hearing to determine whether the defendant is competent. If the defendant is not found to be competent, the court must order the defendant hospitalized for up to four months to determine whether the defendant will become competent in the foreseeable future. The court may order additional hospitalization if it finds there is a substantial probability that within the additional time, the defendant will become competent. See id. § 4241(d). At the third stage, after the specified period of confinement has expired, the court determines whether the defendant is competent and thus ready to stand trial. If still found not to be competent, the defendant must be released unless the court finds that he presents a substantial risk of harm to others.

155 F.3d 1181, 1184 fn. 1 (case citations omitted).

"[w]here . . . the defense has engaged a qualified expert and is willing and able to defray the expense, there will typically be little reason to deny an initial request for psychiatric evaluation, if timely." Pellerito, 878 F.2d at 1545.

WHEREFORE, for the reasons discussed above, so long as the defendant is to bear the cost of the mental competency examination the government has no objection to the defendant's request.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By:    s/ Samuel D. Armstrong
SAMUEL D. ARMSTRONG
Assistant United States Attorney
Florida Bar No.: 363626
207 NW 2nd Street, Room 118
Ocala, Florida 34475
Telephone: (352) 629-0053
Facsimile: (352) 671-6743
E-mail: sam.armstrong@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Ronald S. Chapman, Esq.

    s/ Samuel D. Armstrong
SAMUEL D. ARMSTRONG
Assistant United States Attorney